Filed 10/15/25  P. v. Hamilton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM HOWARD HAMILTON,<br><br>    Defendant and Appellant. | C102367<br><br>(Super. Ct. No. SCCR-CRF-2021-902) |

Appointed counsel for defendant William Howard Hamilton filed an opening brief that sets forth the facts of this case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm the judgment.  We direct the trial court to prepare an amended abstract of judgment that lists the restitution fine, parole revocation restitution fine, court operations assessment, and criminal conviction assessment as imposed and stayed by the court.

BACKGROUND

In July 2020, defendant's fiancée and two others were sitting in a car in a parking lot when defendant struck the car with his pickup truck.  Defendant then got out of his pickup truck and began hitting the passenger side of the car.

1

The People charged defendant with three counts of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)) and one count of vandalism (§ 594, subd. (a)). The People alleged defendant had suffered a prior strike conviction. The trial court exercised its discretion to deny defendant's petition for mental health diversion. The court reasoned that defendant was not a suitable candidate for treatment in the community, in part because, upon resolution of this case, defendant would be transferred to Wyoming to serve a prison term of seven to 10 years in another case.

Defendant ultimately pled no contest to one count of assault with a deadly weapon and vandalism, and admitted his prior strike conviction. The trial court sentenced defendant to four years (the lower term, doubled due to the prior strike) for the assault and a concurrent term of two years, eight months (the lower term, doubled due to the prior strike) for vandalism. The court orally imposed a $300 restitution fine (§ 1202.4, subd. (b)(2)), a $300 parole revocation restitution fine (§ 1202.45), a $40 court operations assessment (§ 1465.8, subd. (a)), and a $30 criminal conviction assessment (Gov. Code, § 70373) but none of these are listed in the abstract of judgment. The court stayed payment of these fines and fees "pending a determination that [defendant] has the ability to pay said fines and fees."

Defendant timely appealed. The trial court granted defendant's request for a certificate of probable cause.

### DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the

---

[1]     Undesignated section references are to the Penal Code.

2

date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

As noted, the restitution fine, parole revocation restitution fine, court operations assessment, and criminal conviction assessment have been omitted from the abstract of judgment.  We direct the trial court to amend the abstract of judgment to include these fines and assessments as imposed and stayed.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant.  Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.  The trial court shall prepare an amended abstract of judgment that lists the restitution fine, parole revocation restitution fine, court operations assessment, and criminal conviction assessment as imposed and stayed, and then forward the amended abstract to the Department of Corrections and Rehabilitation.


　　　　　　　　　　　　　　　　　　\s\                     ,
　　　　　　　　　　　　　　　　　　Krause, J.

We concur:


　　\s\                     ,
Earl, P. J.


　　\s\                     ,
Wiseman, J.*

_____

*　　　Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.